TRACY L. WILKISON
Attorney for the United States, Acting Under
Authority Conferred by 28 U.S.C. § 515
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER F. PORTER (Cal. Bar No. 258597)
VALERIE L. MAKAREWICZ (Cal. Bar No. 229637)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0813/0756
    Facsimile: (213) 894-6269
    E-mail:   alexander.porter2@usdoj.gov
              valerie.makarewicz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 18-00288-SVW |
|---|---|
| Plaintiff, | <u>OPPOSITION TO DEFENDANT'S APPLICATION FOR RECONSIDERATION OF ORDER SETTING CONDITIONS OF RELEASE</u> |
| v. | |
| MARINA SARKISYAN, | Date:      September 10, 2020<br>Time:      2:00 p.m.<br>Location:  Courtroom of the Hon.<br>          Gail J. Standish |
| Defendant. | |

     Plaintiff United States of America, by and through its counsel of record, the Attorney for the United States, Acting Under Authority Conferred by 28 U.S.C. § 515, and Assistant United States Attorneys Alexander F. Porter and Valerie Makarewicz, hereby files its Opposition to Defendant's Application for Reconsideration of Order Setting Conditions of Release.

This Opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: September 2, 2020  Respectfully submitted,

TRACY L. WILKISON
Attorney for the United States,
Acting Under Authority Conferred by
28 U.S.C. § 515

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

  /s/
ALEXANDER F. PORTER
VALERIE L. MAKAREWICZ
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Marina Sarkisyan is currently awaiting trial in this health care fraud case.  The indictment alleges that defendant participated in a multi-million dollar health care fraud conspiracy where defendant and her co-conspirators billed health insurance companies for medical services that were never provided to patients.  Trial is scheduled for April 20, 2021.

Defendant has been released on bond since she was arrested on May 22, 2018.  As part of her conditions of release, the Court imposed standard conditions that required defendant to relinquish her passport and restricted travel to the Central District of California.  Now, defendant is seeking to have her passport returned to her so that she can renew it, and then make travel plans to take a vacation with her husband to either Armenia or Mexico.  The government opposes defendant's application.

First, the government submits that defendant's passport and travel restrictions continue to be necessary to mitigate defendant's risk of flight.  Defendant is originally from Armenia and she continues to have family ties to the country.  Moreover, defendant's actions while on supervision cast doubt upon defendant's trustworthiness and whether she could be relied upon to return to the United States.  In October 2018, Pretrial Services sent an information letter to the Hon. Stephen V. Wilson to notify the Court that defendant had attempted suicide and, as a result, was hospitalized.  Since that incident, defendant has been receiving intensive mental health treatment as part of her Pretrial Supervision in this case.  Fortunately, this treatment appears to have helped

defendant, but the government submits that defendant's conduct while on Pretrial Supervision raises questions about defendant's emotional stability and her judgment. It would be extremely unwise to place trust in this defendant to return to the United States from international travel.

Second, there is no valid reason for the Court to lift the restrictions on defendant's travel and to permit defendant to travel abroad, especially in the middle of a global pandemic. Defendant's application is based on defendant's desire to take a vacation. Defendant would not be able to receive the mental health treatment that she needs while traveling abroad. Moreover, there is no good reason for defendant to travel abroad, and in fact such travel could put defendant and others at risk. The State Department has issued travel advisories for the two countries that defendant may travel to – Armenia or Mexico – and is advising against international travel to those countries during the pandemic.

Therefore, for all of the foregoing reasons, the Court should deny defendant's application to modify the conditions of her release. The Court should not permit defendant to obtain her passport or to travel internationally.

## II.   STATEMENT OF FACTS

### A.   The Charges Against Defendant in the First Superseding Indictment

Defendant is charged in this case along with four other co-defendants with participating in a conspiracy and a scheme to commit health care fraud. FSI ¶¶ 11, 16, 18. Defendant is charged with one count of conspiracy to commit health care fraud, in violation of 18

U.S.C. § 1349, and thirteen counts of health care fraud, in violation of 18 U.S.C. § 1347. Id.

The FSI alleges that from in or around January 2012 to April 2017, defendant conspired with her co-defendants and others to submit false and fraudulent claims for reimbursement to private health insurance plans. Id. ¶ 11. Defendant and the other co-conspirators operated the scheme out of two different clinics, first at a clinic named R&R Med Spa, which was located in Studio City, California, and then at a clinic named Nu-Me Aesthetic and Anti-Aging Center ("Nu-Me Spa"), which was located in Woodland Hills, California (collectively the "Clinics"). Id. ¶¶ 1-2.

The FSI alleges that defendant induced patients to come to the Clinics by promising that the patients could receive free or discounted cosmetic procedures, including Botox injections and laser hair removal, if the patients provided their health insurance information to the co-conspirators at the Clinics. Id. ¶ 12(a)-(b). After receiving the health insurance information from the patients, defendant and her co-conspirators would cause fraudulent claims to be submitted to health insurance companies for medical services that were never provided to the patients, and based on those fraudulent billings, would calculate a "credit" that they would give to the patients to receive free cosmetic procedures. Id. ¶ 12(c)-(d).

During the course of the conspiracy, defendant and her co-conspirators caused claims to be submitted to the health insurance programs in the total amount of approximately $20 million, and based on those claims, the health insurance companies paid approximately $8 million. Id. ¶ 13.

Trial in this matter is currently scheduled for April 20, 2021. Dkt. 179. The parties estimate the trial will last approximately two weeks. Dkt. 176.

### B.  Defendant's Bail Conditions and Conduct While on Pretrial Supervision

Defendant was arrested in this case on May 22, 2018. Dkt. 20. The Court released defendant from custody on bail and set appropriate conditions for defendant's release. Dkt. 24. Defendant posted a $50,000 appearance bond with an affidavit of surety without justification signed by defendant's son, Vahan Sarkisyan. Id. The Court ordered defendant to surrender all passports, and defendant surrendered her United States passport to Pretrial Services on May 22, 2018. Dkt. 24, 87. The Court also ordered defendant's travel restricted to the Central District of California. Dkt. 24.

On October 3, 2018, Pretrial Services filed an information letter with the Hon. Stephen V. Wilson related to defendant. Dkt. 118. In the letter, Pretrial Services informed the Court that on September 27, 2018, defendant attempted suicide by medication overdose and was transported to Providence Medical Center in San Pedro, California for medical care. Id. at 2. Defendant was transferred to the Providence psychiatric care unit to receive mental health services. Id. On October 2, 2018, defendant was discharged from the Providence Medical Center. Id.

Since that incident in 2018, defendant has been receiving intensive mental health treatment. Based on information from Pretrial Services, it appears that defendant's mental health treatment has been helping defendant manage her depression and other mental health issues.

4

## III. ARGUMENT

### A. Defendant's Conditions of Supervised Release Continue to be Necessary to Mitigate Defendant's Risk of Flight

Defendant's request for permission to engage in international travel should be denied because defendant continues to pose a risk of flight, and the conditions that the Court previously imposed continue to be necessary to mitigate that risk.  At defendant's initial bail hearing, the Court imposed the standard conditions of release to require defendant to surrender her passport and to restrict defendant's travel to the Central District of California.  It makes no sense for the Court to lift those restrictions now so that defendant can go on a vacation.

Indeed, defendant still maintains foreign ties to Armenia.  Defendant is originally from Armenia and undoubtedly has extensive ties to the country.  Indeed, defendant's application notes that defendant wants to "take along her aging and ill mother so that she can visit her homeland one last time."  App. at 2.

Moreover, defendant is facing a significant sentence in this case if she is convicted.  Each of the fourteen counts charged against defendant carry a 10-year statutory maximum penalty, and given the amount of loss to the health insurance companies in this case, defendant faces a significant sentence if she is convicted at trial.  Thus, defendant would have a clear incentive to flee the jurisdiction if she is given the opportunity to do so.

Finally, given defendant's conduct while on supervision in this matter, the Court should have serious doubts about whether defendant could be trusted to travel internationally and then return to the United States before the current trial date of April 20, 2021.  As

5

noted above, defendant attempted suicide and was hospitalized in September and October 2018. She has been receiving intensive mental health treatment since then. The government is pleased to hear that this treatment has been effective for defendant. However, given defendant's prior conduct, questions remain about defendant's emotional stability and whether she can be trusted to make responsible decisions. As a result, the government submits that it is too risky for the Court to remove the restrictions that have been placed on defendant's ability to engage in international travel.

In sum, the government submits that the conditions of defendant's release – i.e., that she relinquish her passport and not travel internationally – remain necessary to mitigate defendant's risk of flight in this case. See 18 U.S.C. § 3142(c) (the Court is required to set conditions that will "reasonably assure" defendant's future appearances in this case).

**B. Defendant Has Provided No Good Reason to Allow Defendant to Engage in International Travel**

In addition, defendant's application does not make any showing of a valid reason for defendant to engage in international travel that would outweigh the need for defendant's conditions of pretrial release to remain in place. Indeed, the reason for defendant's application is that she wants to take a vacation with her husband to either Armenia or Mexido. App. at 2. However, defendant's desire to travel for vacation is not a sufficient reason to justify lifting common-sense restrictions that the Court put in place to mitigate defendant's risk of flight.

Furthermore, defendant is seeking to travel internationally in the midst of a global pandemic, where any travel – much less

6

international travel – is strongly discouraged.  This decision by defendant to attempt to travel during the pandemic casts further doubt on defendant's judgment.  The State Department has issued travel advisories for both Armenia and Mexico.  The travel advisory for Armenia is a Level 3, and states that travelers should reconsider travel to Armenia due to COVID-19.[1]  The travel advisory for Mexico is a Level 4, and states that travelers should not travel to Mexico due to COVID-19 risks.[2]  Defendant could be putting herself or others (e.g., her elderly mother) at risk by choosing to travel internationally under these unsafe conditions.  Moreover, defendant would not be able to receive the intensive mental health treatment that she needs if she was permitted to travel outside of the country for an unspecified period of time.

In sum, the government submits that defendant's desire to go on an international vacation is not a valid justification for lifting the conditions that this Court put in place and to take the risk that defendant would flee the jurisdiction and not return.

**IV.  CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny defendant's application for reconsideration of the Court's order setting conditions of release.

---

[1] See https://travel.state.gov/content/travel/en/traveladvisories/traveladvisories/armenia-travel-advisory.html.

[2] See https://travel.state.gov/content/travel/en/traveladvisories/traveladvisories/mexico-travel-advisory.html.